577 F.2d 645
 G-K PROPERTIES and Genesco, Inc., Plaintiffs-Appellants,
v.
REDEVELOPMENT AGENCY OF the CITY OF SAN JOSE and the City of
San Jose, Defendants-Appellees.
 No. 76-1979.
 United States Court of Appeals,
Ninth Circuit.
 June 30, 1978.
 
 James M. Berg, of Fitzgerald, Johnson, Berg & Edgar, San Francisco, Cal., for plaintiffs-appellants.
 John H. Tallett, of Rogers, Vizzard & Tallett, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before WRIGHT, KENNEDY and TANG, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 G-K Properties and Genesco, Inc. appeal from the trial court's order dismissing their action with prejudice, by reason of failure to comply with the court's discovery orders. Appellants argue that dismissal of their case was an abuse of the trial court's discretion and was a taking of property without due process of law. G-K Properties argues in addition that dismissal was improper as to it because that company does not have custody, control, or possession of the records which were ordered to be produced. We affirm the district court's dismissal as to both parties.
 
 
 2
 G-K Properties and Genesco commenced this action in the district court on April 1, 1974. It was a proceeding for inverse condemnation. The complaint alleged that property on which an S. H. Kress store was formerly located became unusable as a retail store location as a result of a redevelopment project of the City of San Jose which unreasonably interfered with appellants' ownership. When the suit was filed, the property was owned by G-K Properties, an employee trust for Genesco employees. Genesco was a tenant of G-K Properties and it operated the property through its S. H. Kress division.
 
 
 3
 From the earliest stages of this action the parties and the court below perceived one of the key factual issues to be whether the San Jose Kress store was closed as a result of the alleged inverse condemnation or rather because it was, for other reasons, an unprofitable enterprise. In a set of interrogatories issued August 20, 1975, appellees asked for "the written reports, including the annual reports, since 1964 of the Kress Store division made to the Genesco Board of Directors." The response to that question was that "(a)t the present time, no reports are known to exist." Thereafter, appellees requested, inter alia, the following items by way of a motion to produce:
 
 
 4
 All reports of any kind in writing, including annual reports, concerning the nature and extent of the Kress operation and profit and loss performance, goals, purposes and the like in the files of Kress stores since 1960.
 
 
 5
 On October 28, 1975, the court issued an order to produce those documents, stating its order in the words of appellees' motion. It was for failure to comply with the October 28 order that the court eventually dismissed this action.
 
 
 6
 In response to the court's order, plaintiffs' counsel supplied annual reports for Kress from 1960 through 1968, and annual reports to the Securities and Exchange Commission from 1964 through 1966. However, no reports of the financial condition of Kress on an annual or monthly basis after 1969 were forthcoming. After continuing the trial date because of delays in complying with discovery orders, the court directed appellants at least twice to produce the documents included in the October 28 order or to file an affidavit of a responsible officer stating that such documents did not exist and advising appellees what, if any, documents did contain the financial information they sought. The opinion of the court below also indicates that this directive was repeated at conferences held in chambers and that it was clearly explained that the discovery order was intended to comprise records showing profit and loss for the Kress division. Appellants neither supplied the documents nor filed affidavits concerning them. On February 10, 1976, appellees moved for dismissal as a sanction for appellants' failure to comply with the October 28 discovery order. The hearing on this motion was set for March 4. On March 1, appellants submitted an affidavit revealing that an unaudited financial statement for Kress did exist for 1969, and that after 1969 periodic internal operating statements were prepared for Kress, as for all Genesco operating companies.
 
 
 7
 At the hearing on the motion to dismiss, the court obtained from appellants' counsel a clear statement that compilations of periodic financial data for Kress did in fact exist; however, the court rejected appellants' tender of those documents. The court found that an additional continuance of the trial date would not be an effective sanction, and that to impose a fine would merely "introduce into litigation a sporting chance theory encouraging parties to withhold vital information from the other side with the hope that the withholding may not be discovered and, if so, that it would only result in a fine." Accordingly, the court dismissed the case to protect the integrity of its orders.
 
 
 8
 Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance. Fed.R.Civ.P. 37(b). Here the court dismissed the plaintiffs' action with prejudice. It acted properly in so doing. We encourage such orders. Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism. Here the appellants' last-minute tender of relevant documents could not cure the problem they had previously created. As the Supreme Court stated in upholding a dismissal for failure to comply with a discovery order,
 
 
 9
 (although) it might well be that these (litigants) would faithfully comply with all future discovery orders entered by the District Court in this case . . . (if the order of dismissal were overturned) other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.
 
 
 10
 National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam) (emphasis in original).
 
 
 11
 Appellants contend the noncompliance with the October 28 order was not willful because they did not understand that the order referred to anything other than Kress annual reports. The court below, however, did find that appellants acted willfully when they refused to cooperate. At the hearing when the dismissal was ordered, the trial judge stated in a colloquy with appellants' counsel:
 
 
 12
 I do not think there's a human being that could have sat through conferences in chambers and Court who can have misconstrued the thrust of the Court's comments that your client having brought the lawsuit was directed to produce accounting records such as the annual profit and loss statements from the Kress Division, and if they did not exist as was represented over and over that an Affidavit had to be filed by a responsible Court (sic ) official.
 
 
 13
 On the facts of this case we do not think that the court below could have done other than to conclude that appellants' refusal to cooperate was in direct disobedience to the authority of the court. See Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964), cert. denied, 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972 (1965).
 
 
 14
 Appellants also argue that dismissal of their complaint deprived them of due process rights, citing Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The issue in that case, however, was whether due process is violated when a complaint is dismissed "because of a plaintiff's inability, despite good-faith efforts, to comply with a pretrial production order." Id. at 210, 78 S.Ct. at 1095. Since there is no suggestion that the appellants have failed to comply with the discovery orders because of circumstances beyond their control, Societe Internationale is inapposite. Anderson v. Air West, Inc., 542 F.2d 1090, 1093 (9th Cir. 1976). Appellants argue that Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897), indicates that sanctions interfering with a litigant's complaint or defenses violate due process when they are imposed merely for the purpose of punishment. However, that case was limited by Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909), which held that dismissal does not offend due process when, as here, the dismissal is a sanction for "the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause." Id. at 351, 29 S.Ct. at 380. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).
 
 
 15
 We also reject appellant G-K Properties' contention that the court's dismissal of the action was improper as to it because it did not have custody, control, or possession of the Kress records and hence should not be held responsible for their nonproduction. Since this objection to the dismissal was not asserted below, it may not be raised for the first time on this appeal. Evans v. Valley West Shopping Center, Inc., 567 F.2d 358, 361 (9th Cir. 1978) (per curiam); Santa Clara Valley Distributing Co. v. Pabst Brewing Co.,556 F.2d 942, 946 (9th Cir. 1977) (per curiam). Moreover, the interrogatories and the court's order were directed to Genesco and G-K Properties jointly, and, what is more important, answers were made jointly and through common counsel. There is no indication in the record that G-K Properties ever sought to free itself from a duty to comply with the court's discovery order. G-K Properties was content to rest its response to the motions to produce and for dismissal on a common basis with that of Genesco even to the time when the trial court dismissed the action. Absent an earlier objection or some effort by G-K Properties to act independently of its co-plaintiff, we cannot say that the district court erred in dismissing the action as to both appellants.
 
 
 16
 AFFIRMED.