In the Matter of INTERNATIONAL FOOD CORPORATION OF AMERICA, Debtor.

INTERNATIONAL FOOD CORPORATION OF AMERICA, Plaintiff,

v.

UNITED STATES of America, et al., Defendants,

and

Elias Moron AROSEMENA, etc., Intervenor-Defendant,

v.

INTERNATIONAL FOOD CORPORATION OF AMERICA, etc., et al., Defendants on Counterclaim.

Bankruptcy No. 82–884.
Adv. No. 82–702.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 10, 1983.

Douglas P. McClurg, Jacksonville, Fla., for Elias Moron Arosemena.

Richard F. Mitchell, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Richard D. Custureri, Ocala, Fla., for Bank of Belleview.

C. John Coniglio, Wildwood, Fla., for Nichols Ranch, Inc., Clyde Bailey and Cecil Perry.

Randall N. Thornton, Lake Panasoffkee, Fla., for Sumter County, Fla.

John Russell, Homosassa Springs, Fla., for Carlton and Mary York.

David L. Fleming, Jacksonville, Fla., for Rogers, Towers, Bailey, Jones & Gay, P.A.

Bevin G. Ritch, Gainesville, Fla., for Mid Fla. Production.

Carlos Alfredo Lopez Guevara, for Republic of Panama.

James V. Lau, Tampa, Fla., Chester J. Trow, Ocala, Fla., for Maxwell W. Wells, Jr., and James E. Thomas.

Lawrence Michael Milbrath, Ocala, Fla., for Thomas (Mack) Olson.

Domenic L. Massari, III, Tampa, Fla., for Intern. Food Corp. of America, Debtor.

ALEXANDER L. PASKAY, Chief Judge.

## ORDER ON MOTIONS FOR SANCTIONS

THIS IS a Chapter 11 reorganization case and the matters under consideration are three Motions seeking the imposition of sanctions against International Food Corporation of America (IFC), for its failure to comply with the discovery Rules, Bankruptcy Rules 7026–7037, in the above-captioned adversary proceeding. The Motions are filed by Elias Moron Arosemena (Arosemena), the Intervenor-Defendant and Counter-Plaintiff. The original Motion for Sanctions was filed on September 6, 1983 and is based on Bankruptcy Rule 7037. The Motion was supplemented by a subsequent Motion for Sanctions filed on September 9, 1983. In addition, Nichols Ranch, Inc., one of the Defendants named in the above-captioned adversary proceeding, also filed a Motion to Impose Sanctions. This latter Motion, on its face, is legally insufficient inasmuch as it fails to allege any non-compliance with the discovery Rules. This leaves for consideration the two Motions filed by Arosemena.

The Motions filed by Arosemena seek the entry of an order striking the pleadings filed by IFC in the above-captioned adversary proceeding and the entry of a judgment against the Debtor and in favor of Arosemena, on a claim set forth in Arosemena's counterclaim and crossclaim. In addition, Arosemena seeks an order directing IFC to reimburse Arosemena for costs and expenses incurred as a result of IFC's failure to comply with the discovery Rules.

The facts relevant to the resolution of the matters raised by these Motions appear from the basically uncontested record and can be summarized as follows:

On September 14, 1982, IFC filed an adversary proceeding and named, initially, the United States of America, Bank of Belleview and Nichols Ranch, Inc. as party-defendants (International Food Corp. of America v. United States of America, Bank of Belleview and Nichols Ranch, Inc., Adv. No. 82–702) wherein IFC sought leave to sell certain real properties located in Central Florida free and clear of the liens of the named Defendants. On November 22, 1982, Arosemena filed a Motion to Intervene in this proceeding. Arosemena is acting as Curador (bankruptcy trustee) in an insolvency proceeding now pending in the Republic of Panama, Florida Peach Corporation of America, International Division (Florida Peach), the predecessor corporation of IFC. On December 20, 1982, this Court entered an order and authorized Arosemena to intervene. Thereafter, Arosemena filed

a counterclaim asserting that the transfer of the subject real property by Florida Peach to the Debtor was a fraudulent transfer; that the property is, in fact, owned by Florida Peach and, that this Debtor should not be permitted to sell the property.

It shortly developed that there are numerous conflicting lien claims asserted by the Defendants against the subject property. Notably there is a very large lien claim by the United States of America who claims to have a perfected lien on the subject property as a result of a tax liability incurred by Florida Peach. The matter was scheduled for a preliminary hearing in due course at which time it was determined that, in light of the fact that the resolution of the right of ownership of IFC presents a threshold question, the claim of a fraudulent transfer of Arosemena will be tried first and all discoveries in the other controversies between the parties shall be suspended until this question is resolved.

The record further reveals that this Court entered an order and fixed the dates for the exchange of names and addresses of witnesses and a date for completion of discovery. On February 25, 1983, Arosemena served a request on IFC and sought the production of certain documents pursuant to Bankruptcy Rule 734. On March 2, 1983, this Court entered an order and directed IFC to serve a written response to the request of Arosemena on or before March 9, 1983. IFC failed to serve a written response, as required by order of this Court. Arosemena also propounded certain interrogatories, but IFC failed to furnish the answers. On May 9, Arosemena filed a Motion to Compel Answers to Interrogatories and a Motion to Impose Sanctions. On the same date, Arosemena also filed a Motion to Impose Sanctions for Failure of the President of IFC, Mr. Robert Lurie, to appear at a previously noticed deposition. On June 3, 1983, Arosemena filed a second Motion and sought the entry of a default judgment against Lurie and IFC.

On May 6, 1983, this Court entered an order and extended the time within which to complete discovery and also rescheduled a pre-trial conference. The Order provided that all discovery shall be completed on or before June 20 and the parties shall exchange names and addresses of witnesses and also exchange documents which may be offered into evidence, not later than July 5, 1983. The order also rescheduled the pre-trial conference for July 28, 1983.

None of Arosemena's attempts to accomplish any discovery were successful. IFC neither sought a protective order to prevent Arosemena from taking the deposition of Lurie, nor did IFC file objections to the Request for Production to the interrogatories propounded by Arosemena. On July 8, this Court entered an order and while refusing to impose sanctions, ordered that IFC, through its president, Mr. Lurie, file a response to the Request for Production of Documents on or before August 25, to produce the documents on or before August 31, and to appear for depositions on or before September 7. It is without dispute that Mr. Lurie did not comply with any provisions of this Order.

In defense of the Motions, Mr. Lurie contends that he left the United States for Paraguay on August 7 or 8; that while he assembled some of the documents prior to his departure, he did not deliver the same to his attorney; that he intended to return to the United States in order to comply with the terms of the July 28 order; that he became ill while in Paraguay and, upon advice of a physician, did not depart from Paraguay until September 9 or 10. For this reason he did not appear at the scheduled deposition.

It further appears that counsel for Arosemena, to assure that the scheduled deposition would, in fact, take place and that a trip from Jacksonville to Tampa would not be in vain, telephoned counsel of record of IFC and the law firm of Kass, Hodges and Massari, in order to ascertain whether or not Mr. Lurie would be present. It appears that counsel for Arosemena was informed that Mr. Lurie was out of the country; that counsel was unable to contact him and accordingly, could not assure his presence.

While the attorney for IFC indicated that he had no power to cancel the deposition since they did not notice the same, he informed counsel for Arosemena that Mr. Lurie might or might not be present. Mr. Lurie testified that between August 8 and September 8, he had at least one telephonic conversation with Mr. Massari, a member of the law firm, which, of course, completely contradicts counsel's statement that they did not know Mr. Lurie's whereabouts and were unable to contact him.

Mr. Lurie, in support of his contention that his failure to obey the terms of the July 28 Order was the result of illness, filed with the Court a certificate issued by a doctor in Paraguay. The doctor's certificate indicates that Mr. Lurie became ill during the past two weeks and he recommended against any travel at any great distance. It is noteworthy that this certificate is dated September 8, one day prior to his return to the United States. According to Lurie's testimony, however, he first visited the doctor on or about August 25, prior to the date he was required to appear at the deposition. Certainly, he had ample time to notify his counsel of his illness who, in turn, could have immediately filed a proper motion for protective order.

In defense of his failure to produce the requested documents, Mr. Lurie also stated that approximately two or three weeks ago he demanded the return of certain documents in the possession of Don M. Stichter, former counsel of IFC. However, it is clear that the demand, if any, was made long after the date on which he was to file a response to the request to produce, and also after he was actually to produce the documents.

These are the relevant facts that appear from the record and from which Arosemena claims the right to the relief he seeks pursuant to Bankruptcy Rule 7037, which provides that Rule 37 of the Federal Rules of Civil Procedure applies in adversary proceedings. FRCP 37(b)(2)(C) provides in pertinent part as follows:

(b) Failure to Comply with Order

(2) Sanctions by Court in which Action is Pending.

If a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the Court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobediant party;

FRCP 37(b)(2)(C).

In addition, FRCP 37(d) provides as follows:

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or

that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

FRCP 37(d).

It is the contention of Arosemena that the Debtor's failure to comply with discovery over a period of seven (7) months, in direct contravention of this Court's orders and without seeking the protections afforded by Bankruptcy Rule 7026 and FRCP 26, the Debtor has acted in bad faith, thereby causing undue delay in the proceeding and unnecessary expense to Arosemena. Therefore, Arosemena urges the Court to strike the Debtor's pleadings and enter judgment in favor of Arosemena.

There is no doubt that the sanctions provided in FRCP 37 are applicable to the instant case pursuant to Bankruptcy Rule 7037. In the case of *Matter of Visioneering Construction*, 661 F.2d 119 (9th Cir.1981), the Court of Appeals for the Ninth Circuit affirmed on appeal, the decision of the Bankruptcy Judge to impose sanctions pursuant to FRCP 37(b), thereby striking pleadings and entering a default judgment against the bankrupt, for willful and bad faith failure to abide by the discovery rules. The Court noted that "the bankruptcy court, faced with an obstreperous alleged bankrupt, unequivocally had the power to apply Fed.R.Civ.P. 37 sanctions for obstruction of discovery." In addition, "[o]ur Court has stated that '[w]here . . . counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or render judgment by default against the party responsible for noncompliance.'" *Matter of Visioneering Construction, supra,* 661 F.2d at 123, *citing G–K Properties v. Redevelopment Agency of San Jose,* 577 F.2d 645, 647 (9th Cir.1978); accord *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Societe Internationale v. Rogers,* 357 U.S. 197, 208, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958).

The Court is not unmindful that the remedies sought are extreme, harsh and would, if imposed, deprive the Debtor of its right to an adjudication on the merits in a cause where a ruling in favor of the Debtor appears to be indispensable to a successful reorganization. While this is a compelling consideration in arriving at a decision, it is not the only consideration.

A review of the Debtor's schedules reveals a total debt in the amount of $8,972,878. Of that amount, the unsecured claims without priority total "in excess of $1,490" —hardly a significant amount in light of the total debt. The remainder of the debt is attributable either to priority tax claims or to mortgage liens on real property claimed by the Debtor. In addition, all of the mortgages are in default and there appears to be no possibility of a sale of any of the properties in the immediate future. Thus, it is clear that a decision by this Court to impose to sanctions sought by Arosemena would result in substantial harm to no one except the Debtor, the very source of the violations of the Rules of Discovery and the orders of this Court.

It is noteworthy and the record supports the finding that this is not the first occasion where Mr. Lurie, as the principal of a debtor corporation involved in a Chapter 11 reorganization case, has attempted to frustrate the efforts of creditors to assert their rights by failing to comply with the Rules of Discovery. On January 3, 1983, the United States of America filed, in this Court (Adv. No. 82–702), a Motion to Compel Debtor to Answer in Full Government Interrogatories Nos. 1 and 4. Attached to and in support of the Motion is an order entered on May 12, 1982, by the Honorable George L. Proctor, in the case styled *Florida Peach Corporation,* Case No. 80–111–BK–J–GP (M.D.Fla.). The order directed the Debtor in that cause and its President, Robert Lurie, to produce certain books,

records and documents at the office of the U.S. Attorney for the Middle District of Florida in Jacksonville, Florida. The order states in pertinent part as follows:

"On the other hand, if the Debtor Florida Peach Corporation and its President Robert Lurie fail to comply with this order, and fail to deposit the materials as described above, then upon certification of counsel for the United States, and submission of a proposed order, and without further notice, this Court will pursuant to Rule 737 of the Rules of Bankruptcy Procedure enter an order dismissing the debtor's objection to the claim of the United States for unpaid income taxes and allowing that claim, as amended.

The testimony elicited in this Court reveals that Robert Lurie, as president of Florida Peach Corporation, failed to produce the records as ordered. On February 20, 1982, the entire case pending in the Jacksonville Division of this Court was dismissed. On May 4, 1982, IFC filed a Petition for Relief pursuant to Chapter 11 in this Court.

The Court is satisfied that the Debtor has intentionally and willfully abused the judicial process by refusing to comply with the Rules of Discovery, by refusing to comply with Orders of this Court and by failing to either seek a protective order or file objections to interrogatories.

In light of the foregoing, this Court is constrained to conclude that Arosemena's Motions for Sanctions are well taken and Arosemena is entitled to the entry of an order striking all pleadings in the adversary proceeding filed by IFC and the entry of a separate final judgment by default pursuant to FRCP 37(b)(2)(C) and 37(d), granting the relief sought in the Motions for Sanctions.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Sanctions filed by Nichols Ranch, Inc. be, and the same hereby is denied as legally insufficient. It is further

ORDERED, ADJUDGED AND DE-CREED that the relief sought in the Motions for Sanctions filed by Elias Moron Arosemena be, and the same hereby is, granted and all pleadings filed by International Food Corporation in the above-styled adversary proceeding be, and the same hereby are, stricken. It is further

ORDERED, ADJUDGED AND DE-CREED that counsel for Arosemena be, and the same hereby is, directed to submit a proposed final judgment in accordance with the foregoing.