911 F.2d 737
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Charles B. CARROLL, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
 No. 89-35382.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1990.*
Decided Aug. 16, 1990.
 Appeal from the United States District Court for the District of Montana; District Judge James F. Battin, Presiding.
 D.Mont.
 AFFIRMED.
 MEMORANDUM**
 Before EUGENE A. WRIGHT, FARRIS and NOONAN, Circuit Judges.
 
 
 1
 Carroll appeals the district court's dismissal of his complaint.
 
 
 2
 A district court considers five factors to determine whether dismissal is appropriate:
 
 
 3
 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. It is not necessary for a district court to make explicit findings to show that it has considered these factors.
 
 
 4
 Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987).
 
 
 5
 We review for abuse of discretion and will reverse a dismissal with prejudice only if it is obviously "outside the acceptable range of sanctions." Id.
 
 
 6
 We affirm for the reasons given by the district court in its Memorandum Opinion and Order of December 8, 1988. See Appendix.
 
 APPENDIX
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF MONTANA
 BILLINGS DIVISION
 
 7
 CHARLES B. CARROLL, Plaintiff,
 
 
 8
 vs.
 
 
 9
 INSURANCE COMPANY OF NORTH AMERICA, Defendant.
 
 
 10
 INSURANCE COMPANY OF NORTH AMERICA, Third-Party Plaintiff,
 
 
 11
 vs.
 
 
 12
 BOSS COMMERCIAL CONSTRUCTION, BOSS CONSTRUCTION COMPANY,
 
 
 13
 CORNER POCKET OF AMERICA, INC., MONTANA BILLIARD SUPPLY,
 
 
 14
 TRIANGLE MANAGEMENT CORPORATION, and GEORGE FRANK,
 
 
 15
 individually and in capacity as owner, director and officer
 
 
 16
 thereof, Third-Party Defendants.
 
 CV 87-74-BLG-JFB
 
 17
 Dec. 8, 1988.
 
 MEMORANDUM OPINION AND ORDER
 
 18
 Presently pending before the Court is defendant's Motion to Dismiss. For the reasons stated below, defendant's motion is granted, pursuant to Rule 37(b)(2)(C), and defendant's Counterclaim and Third-Party Complaint are dismissed as moot.
 
 FACTS AND PROCEDURAL BACKGROUND
 
 19
 Plaintiff filed this action on March 19, 1987, seeking a declaration that he is entitled to coverage for a judgment obtained by him in state court against his former employer, under an insurance policy issued by defendant to this former employer, third-party defendant Boss Commercial Construction (Boss). In the underlying action, plaintiff asserted a wrongful termination claim against Boss and other named insureds which was resolved when Boss confessed judgment in the amount of $125,000. Judgment was entered accordingly on January 22, 1987.
 
 
 20
 Defendant in the present action served plaintiff with written discovery on July 27, 1987. Responses were not served within the 30-day time period allowed under Rule 33, Fed. R. Civ. P. At a preliminary pretrial conference held on September 23, 1987, defendant evidenced an intent to move for summary judgment upon completion of discovery. A scheduling order issued pursuant to the preliminary pretrial conference set a discovery deadline of April 18, 1988, and specifically directed that all answers to interrogatories be made by that date. See Memorandum of Preliminary Pretrial Conference and Order, Para. 7 (Sept. 23, 1987).
 
 
 21
 Plaintiff responded to defendant's July discovery requests on October 26, 1987. Defendant believed that the responses were inadequate and evasive, and on November 12, 1987 wrote to plaintiff's counsel urging more complete responses by the discovery. When further responses were not received, defendant filed a Motion to Compel on November 23, 1987, which was granted without opposition on December 16, 1987. Despite the Order of this Court, directing that plaintiff provide full and complete responses, plaintiff still had not responded to defendant's discovery requests when the April 18, 1988 discovery deadline rolled around. However, plaintiff did on that date submit its own discovery requests to defendant. Those discovery requests were followed on April 25, 1988 by plaintiff's Motion for Summary Judgment.
 
 
 22
 Defendant now seeks dismissal of plaintiff's action, pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute. This motion is based on the fact that plaintiff, in violation of two Court Orders, has failed to respond to legitimate discovery requests and that such failure has prejudiced defendant in that defendant has been unable to move for summary judgment without the necessary factual support for its motion.
 
 
 23
 Plaintiff did not file a brief in opposition to defendant's motion, but appeared at oral argument and resisted dismissal, contending that the factual information sought by defendant related to issues which had been resolved in the prior judicial proceedings, and that because of res judicata defendant could not relitigate those issues in the present proceedings. Plaintiff pointed out that the Motion to Compel issued by this Court in December 1987 was a summary ruling based on plaintiff's failure to file a response brief, and was not issued on the merits.
 
 DISCUSSION
 
 24
 Although defendant's motion is denominated as one for dismissal under Rule 41(b), for failure to prosecute, the Court believes that it is more accurately characterized as one for dismissal as a sanction under Rule 37(b)(2)(C), since the request is related to a failure to respond to discovery. See Societe Internationale v. Rogers, 357 U.S. 197, 206-207 (1958); see generally 10 Fed. C. Proc., L. Ed. Sec. 26:352.
 
 
 25
 Rule 37(b)(2)(C) provides that where a party has failed to obey an order to provide discovery, the Court may dismiss the action. Dismissal with prejudice is a harsh remedy, however, and should be used only in extreme situations, where the failure to comply is due to willfulness, bad faith or fault of the party. United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1270 (9th Cir.1985) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir.1983)). The sanction of dismissal is reviewable for an abuse of discretion, and will not be reversed "absent a definite and firm conviction that a clear error of judgment was made by the Court below." Id. (citing Munoz-Santana v. INS, 742 F.2d 561, 564 (9th Cir.1984)).
 
 
 26
 In the present case, plaintiff has completely failed to comply with defendant's legitimate discovery requests, despite defendant's urging and two Orders of this Court compelling him to do so. Plaintiff does not contend that his failure to respond to discovery was anything but intentional or willful, but instead offers two excuses for his non-compliance.
 
 
 27
 First, plaintiff contends that defendant is attempting to relitigate factual issues which were resolved in the earlier state court proceedings, and states that in ignoring defendant's discovery requests, he has simply refused to relitigate the state court matters. Regardless of the merits of plaintiff's claim that the doctrine of res judicata bars relitigation of certain factual issues raised herein, that question is for this Court to decide, not plaintiff. Plaintiff's own position with respect to the merits of that argument do not relieve him of the obligation to respond to legitimate discovery requests, especially in face of this Court's Order compelling responses. Plaintiff's first reason for non-compliance is therefore not well taken.
 
 
 28
 Second, plaintiff's counsel attempts to minimize the impact of this Court's Order of December 16, 1987 compelling responses, arguing that it was issued summarily under Local Rule 220-1, based upon plaintiff's failure to file a brief in response to defendant's Motion to Compel. However, the fact that a motion is summarily granted pursuant to local rule does not lessen the enforceability or authority of that order. Plaintiff has not moved for an extension of time within which to respond to defendant's discovery requests, nor did he otherwise seek to invoke the protective powers of the Court before unilaterally deciding that responses were not necessary. This complete and willful failure to provide discovery responses has been extremely prejudicial to defendant, since its ability to move for summary judgment has been hampered by the lack of a factual foundation upon which to base its argument. To add insult to injury, after expiration of the discovery deadline, plaintiff filed its own Motion for Summary Judgment to which plaintiff is equally unable to respond. Plaintiff's flagrant disregard of the Rules of Procedure and orders of this Court, combined with the serious prejudice resulting to defendant from its delay and contumacious conduct, convince the Court that dismissal is an appropriate sanction. See Rubin v. Belo Broadcasting Corp., 769 F.2d 611, 617-18 (9th Cir.1985) (degree of prejudice to opposing party is an important factor in determining the severity of the sanction imposed). The Court also notes that plaintiff's conduct has deprived other litigants of this era of over-crowded dockets. See G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647 (9th Cir.1978).
 
 
 29
 The Court is mindful that it must consider the suitability of lesser sanctions before applying the extreme sanction of dismissal. Rubin, 769 F.2d at 617. Having so done, and in light of the ineffectiveness of prior orders and plaintiff's apparent tendency to operate outside the rules and procedures of the Court, the Court does not believe that a lesser sanction will accomplish the goals of penalizing plaintiff for his willful and deliberate conduct and deterring those who might be tempted to engage in similar conduct. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976); G-K Properties, 577 F.2d at 647.
 
 
 30
 Finally, plaintiff had ample opportunity to be heard on this motion and certainly was aware that a failure to comply with the discovery rules and orders of this Court could result in dismissal. Dismissal of the complaint will therefore not deprive plaintiff of due process. See Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770 n. 11 (9th Cir.1983) (citing Roadway Express v. Piper, 447 U.S. 752, 767 (1979)).
 
 
 31
 Based on the foregoing,
 
 
 32
 IT IS ORDERED that defendant's Motion to Dismiss be and is hereby granted, and that plaintiff's Complaint is dismissed, with prejudice.
 
 
 33
 IT IS FURTHER ORDERED that defendant's Counterclaim and Third-Party Complaint are dismissed as moot.
 
 
 34
 The Clerk is directed to enter judgment accordingly.
 
 
 35
 The Clerk is directed forthwith to notify counsel for the respective parties of the making of this order.
 
 James F. Battin, Chief Judge
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3