56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Barbara PEEK, Plaintiff-Appellant,
v.
GOLDEN NUGGET HOTEL & CASINO, et al., Defendants-Appellees.
 No. 93-17005.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1995.
Decided May 19, 1995.
 
 Before: GIBSON*, GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara Peek appeals the district court's decision pursuant to Fed. R. Civ. P. 37(b)(2)(c) dismissing for multiple discovery failures her personal injury action brought against the Golden Nugget Hotel. Peek now argues that because the district court failed to consider more appropriate and less severe alternative sanctions, it abused its discretion by dismissing her claim. As we explain herein, we disagree and affirm the decision of the district court.
 
 FACTS
 
 3
 The district court dismissed Peek's claim after repeated discovery abuses. In sum, the abuses upon which the district court based its decision were as follows:
 
 
 4
 1. Appellant's failure to comply with the district court's Order to Comply with Local Rule 120-5.
 
 
 5
 2. Failure to return answers to Golden Nugget's request for production of documents until after the stipulated July 1 deadline.
 
 
 6
 3. Failure to return answers to Golden Nugget's interrogatories until September 13, 1993, well after the stipulated July 1 deadline and after the deadline for completion of discovery on August 27, 1993.
 
 
 7
 4. Failure to comply with the court's order to submit to a medical examination on August 4, and failure to do so by the end of the discovery deadline.
 
 
 8
 5. Failure to appear at the August 4 deposition and failure to do so before the expiration of the discovery deadline.
 
 
 9
 6. Direct violation of Fed. R. Civ. P. 26(g) by falsely indicating "not applicable" in response to Golden Nugget's request for production No. 2, which sought documents relating to Peek's involvement in prior or subsequent personal injuries and personal injury litigation, where subsequent investigation revealed two personal injury actions brought by Peek against two Atlantic City hotel/casinos.
 
 
 10
 Peek and her attorney, Christopher Gellner, attempt to explain each of these discovery failures. These explanations are weak, however, and clearly evince a total lack of communication between Peek and her attorney and an appalling disregard for the district court's discovery orders.
 
 
 11
 The district court found that both Peek and Gellner were responsible for the lack of communication and that the numerous discovery violations were inexcusable. The record supports Judge Pro's conclusions, and some sanction was clearly warranted. We review a district court's decision to impose discovery sanctions for an abuse of discretion. Fjelstad v. America Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). The question before us now is whether, on these facts, Judge Pro abused his discretion by dismissing Peek's claim. We may review the record independently to determine whether the district court abused its discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). The district court had jurisdiction under 28 U.S.C. Sec. 1332, and we now have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 
 12
 Because dismissal is a harsh penalty, it should be imposed only in extreme circumstances. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987), cert. denied, 488 U.S. 819 (1988). "Nevertheless, we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. Because of the severe nature of a terminating sanction, this court has held that the offender must have acted with willfulness, bad faith or fault. Fjelstad, 762 F.2d at 1340.
 
 
 13
 Peek argues that because she complied with many of the district court's orders since this action was dismissed, we should reverse the district court's decision to dismiss. This argument puts the cart before the horse. The propriety of dismissing an appellant's case should be judged from the time of dismissal as those were the facts before the court at that time and upon which it exercised its discretion. We have consistently held that belated compliance with discovery orders does not preclude the imposition of sanctions. Henry v. Gill Indus., Inc., 983 F.2d 943, 947 (9th Cir. 1993); North American Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986); G-K Properties v. Redevelopment Agency of City of San Jose, 577 F.2d 645, 647-48 (9th Cir. 1978) (affirming dismissal because "last minute tender" of discovery does not cure effects of discovery misconduct).
 
 
 14
 In determining whether to dismiss a particular case, the district court must weigh five factors under Fed. R. Civ. P. 37(b)(2)(c). Malone, 833 F.2d at 130. It is not necessary, however, for a district court to make explicit findings to show that it has considered these factors. Id. But where the district court does not explicitly consider the five factors, "we must review the record independently to determine whether the order of dismissal was an abuse of discretion." Id.
 
 
 15
 The five factors to be considered are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). Generally, the first two factors favor imposition of sanctions in most cases, while the fourth usually cuts against dismissal, "[t]hus the key factors are prejudice and the availability of lesser sanctions." See, e.g., Henry, 983 F.2d at 948. These generalities are equally applicable in the present case.
 
 A. Prejudice
 
 16
 In determining the risk of prejudice to Golden Nugget, we examine whether Peek's actions impaired Golden Nugget's ability to go to trial or threatened to interfere with the rightful decision of the case. See Malone, 833 F.2d at 131. The district court noted that it was more concerned about prejudice to Golden Nugget than it was about who was more blameworthy among Peek, her attorney Gellner, and Philadelphia counsel Friedmann. Golden Nugget asserts that it will be prejudiced because the discovery deadline has passed and, as a result of Peek's noncompliance with many of its requests, it does not have the information necessary to defend itself at trial. By the end of the discovery period, Peek had not complied with several discovery requests and had provided misleading answers to some of Golden Nugget's requests for production of documents. Without this information, Golden Nugget would have been prejudiced if forced to proceed to trial. See id. at 131 (holding that last-minute notification of decision not to comply with pretrial order prejudiced defendant); North American Watch Corp., 786 F.2d at 1451 (endorsing district court finding that willful violation of discovery order close to trial date prejudiced defendant's ability to prepare for trial).
 
 B. Availability of Alternative Sanctions
 
 17
 Peek argues that the district court has abused its discretion for failure to consider alternative and less drastic sanctions. We have previously held that a district court abuses its discretion if it imposes a dismissal sanction without first considering the impact of the sanction and the adequacy of less drastic sanctions. United States v. National Medical Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986). The record indicates that the district court considered the impact of dismissing Peek's claim. The only remaining issue, therefore, is whether the district court adequately considered alternative sanctions.
 
 
 18
 Three factors are particularly relevant to an inquiry into whether the district court considered alternatives: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone, 833 F.2d at 132.
 
 
 19
 In the present case, the district court did not explicitly state on the record that it had considered alternative sanctions. It did, however, note that dismissal was the most severe of sanctions that it could impose and expressly turned to the parties' arguments to determine if dismissal was warranted. Although we have expressed a strong preference for explicit discussion of alternatives, we have never held that it is necessary. Id. (holding that under particularly egregious circumstances, dismissal could be upheld).
 
 
 20
 In Malone, we held that the district court need not have warned the parties of the potentiality of dismissing the claim because "[a] plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order. Rules 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order." Id. at 133. In the present case, there were continual and repeated violations of the rules and court orders. Similar to the situation in Malone, Fed. R. Civ. P. 37 clearly authorizes dismissal for violation of discovery orders. It should come as no surprise that the repeated violations of court orders and rules resulted in the dismissal of the action.
 
 CONCLUSION
 
 21
 The record adequately supports the district court's conclusions and characterizations of Peek's conduct. Fed. R. Civ. P. 37 expressly allows dismissal of a party's action for violation of discovery orders. Because dismissal was within the permissible range of sanctions for Peek's conduct, we conclude that the district court's dismissal of Peek's claims was not an abuse of discretion. Accordingly, the decision of the district court is affirmed.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3