78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HEALTH DATA SCIENCES CORP.; Ralph A. Korpman, M.D.,
Plaintiffs-Counter-Defendants-Appellees,
v.
Robert SERVIAN, Defendant-Counter-Claimant-Appellant.
 Nos. 94-56221, 95-55355.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided March 7, 1996.
Order Amending Memorandum and Denying Rehearing May 14, 1996.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,* District Judge.
 
 MEMORANDUM
 
 2
 Servian appeals from two district court judgments. The first dismissed Servian's counterclaims against Health Data Sciences Corporation (HDS) pursuant to Federal Rule of Civil Procedure 37(b)(2). The second awarded HDS attorney's fees it incurred defending against Servian's counterclaims. The district court had jurisdiction to enter both judgments pursuant to 28 U.S.C. § 1332. We have jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Servian first contests the district court's dismissal of his counterclaims pursuant to Rule 37(b)(2). "Absent a definite and firm conviction that the district court made a clear error in judgment, this court will not overturn a Rule 37 sanction." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990) (Adriana ), cert. denied, 498 U.S. 1109 (1991). Where the district court imposes the drastic sanction of dismissal, "the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." Henry v. Gill Indus., 983 F.2d 943, 946 (9th Cir.1993) (Henry ). The district court's determination that Servian disobeyed its discovery order is nonetheless entitled to considerable weight because the district judge is best equipped to assess Servian's noncompliance. Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988) (Halaco ).
 
 
 4
 First, Servian contends that the clerk of the court improperly rejected his memorandum opposing HDS' motion for Rule 37 sanctions. He argues that the district court therefore erred by finding that Servian conceded the motion and accepting as true the allegations contained in it. Federal Rule of Civil Procedure 5(e) denies the clerk of the court discretion to reject for filing "any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Rule 5(e) does not deny the court this discretion. See Fed.R.Civ.P. 5(e) (Advisory Committee Note to 1991 Amendment). Here, the court, not the clerk, rejected Servian's opposition. Magistrate Judge Rose's order of December 6, 1993, states that Servian's opposition was "not to be filed, but instead rejected, and returned to counsel." Because Servian did not refile his opposition to HDS' motion for Rule 37 sanctions, the district court did not err in treating it as conceded. Furthermore, even if the district court erred by treating HDS' motion for Rule 37 sanctions as conceded, it gave Servian ample opportunity to state his objections to the motion during the December 13, 1993, hearing. At that hearing, Servian either conceded arguments made in his opposition to HDS' motion or restated them. The court therefore considered Servian's arguments even though they were improperly submitted prior to the hearing. Because Servian also failed to provide any evidence contradicting the factual allegations contained in HDS' motion, the district court did not err in treating HDS' allegations as true.
 
 
 5
 Second, Servian argues that the district court clearly erred in finding on the merits that he violated the September 27 discovery order. The district court based its finding on three grounds: (1) Servian's supplemental responses to HDS' interrogatories did not comply with the Federal Rules of Civil Procedure; (2) Servian failed to pay a $3,375 sanction imposed following HDS' first motion for Rule 37 sanctions; and (3) Servian failed to pay a $500 per day fine for each day that he failed to comply with the September 27 order. Servian argues that a court cannot dismiss a claim for failure to pay monetary sanctions because such infractions do not "threaten to interfere with the rightful decision of the case." See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990) (Wanderer ), quoting Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 591 (9th Cir.1983). That issue is not presented here because the district court relied, at least in part, on Servian's failure to submit interrogatory responses that complied with the Federal Rules of Civil Procedure. The court did not err by considering Servian's failure to pay monetary sanctions in deciding what type of sanction to impose for his failure to comply with other dictates of the September 27 order. See Henry, 983 F.2d at 947 (district court may consider "all incidents of a party's misconduct"), quoting Adriana, 913 F.2d at 1411. Servian does not dispute that his interrogatory responses were "insufficient in form." Because the district court was "justified in thinking that its order [was] entitled to be obeyed in all particulars," Henry, 983 F.2d at 948, it did not clearly err in finding that Servian violated the September 27 order.
 
 
 6
 Finally, Servian argues that even if the district court properly found that he violated the September 27 order, it clearly erred in imposing the harsh sanction of dismissal. "We have identified five factors that a district court must consider before dismissing a case." Adriana, 913 F.2d at 1412. These are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against [dismissal]. Therefore, it is the third and fifth factors that are decisive." Id.; see also Wanderer, 910 F.2d at 656; Henry, 983 F.2d at 948.
 
 
 7
 The district court, in adopting the magistrate judge's findings, found that the first two factors weighed in favor of dismissal because "Servian's continued failure to comply with court orders certainly threatens significant disruption." As to the third factor, prejudice, the district court properly considered whether Servian's failure to identify which produced documents related to his counterclaims impaired HDS' "ability to go to trial or threaten[ed] to interfere with the rightful decision of the case." See Henry, 983 F.2d at 948, quoting Adriana, 913 F.2d at 1412. The district court specifically found that "because of Servian's continued disobedience, [HDS] [has] been unable to ascertain any documents which may be adverse to Servian's counterclaims. As a result, [HDS'] ability to defend against Servian's counterclaim has been seriously hampered." Servian now argues that HDS cannot claim to have suffered any prejudice because it signed a pretrial conference order stating that "[a]ll discovery is presently believed to be completed." Servian conceded at oral argument that he failed to present this argument in the district court; thus, we decline to address it here. G-K Properties v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 648 (9th Cir.1978) (G-K Properties ) (rejecting objection to dismissal not asserted below).
 
 
 8
 The district court did not clearly err by concluding that HDS suffered prejudice as a result of Servian's failure to comply with the September 27 order. "Failure to produce documents as ordered [ ] is considered sufficient prejudice." Adriana, 913 F.2d at 1412. Even if the amount of prejudice present in this case is not overwhelming, the existence and degree of prejudice has been characterized as "an optional factor for the imposition of dismissals." Halaco, 843 F.2d at 382.
 
 
 9
 The fourth and fifth factors also weigh in favor of dismissal. Although public policy favoring disposition of matters on the merits normally weighs against dismissal, the district court found that policy "overcome by Servian's willful and flagrant refusal to comply with this Court's orders." The court based this finding on uncontroverted facts, including Servian's continued violations of the September 27 order. With respect to the availability of lesser sanctions, we must consider whether the district court (1) explicitly discussed "the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate"; (2) "implement[ed] alternative sanctions before ordering dismissal"; and (3) "warn[ed] [Servian] of the possibility of dismissal before actually ordering dismissal." Adriana, 913 F.2d at 1412-13. Because, the district court satisfied each of these requirements, it did not clearly err in finding dismissal appropriate.
 
 
 10
 Servian argues that even if these five factors warrant dismissal, his behavior did not rise to the level of willfulness, bad faith, or fault. See Henry, 983 F.2d at 948. Such behavior is demonstrated by merely "disobedient conduct not shown to be outside the control of the litigant." Id. (internal quotation omitted). The district court found that Servian offered no reason for his noncompliance and therefore found his conduct willful. This finding is not clearly erroneous. Servian now argues that he cannot be held personally responsible for the misconduct of his attorneys, but we specifically rejected that argument in West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 11
 Servian also contests the district court's award of attorneys' fees to HDS. State law governs the award of attorneys' fees in a diversity action. Mangold v. California Public Util. Comm'n, 67 F.3d 1470, 1478 (9th Cir.1995); Hancock Lab. v. Admiral Ins., 777 F.2d 520, 525 (9th Cir.1985) ( Hancock ). Under California law, a party may be awarded fees "when the lawsuit (1) involves a claim covered by a contractual attorney fee clause and (2) is between the parties to that contract." Super 7 Motel Assoc. v. Wang, 16 Cal.App.4th 541, 544-45 (1993) (internal citations omitted). "The first issue ... essentially involves interpreting the parties' contract, and requires the court to examine the language of the contractual clause to determine whether the nature of the claims asserted by plaintiff fall within the intended scope of the attorney fee clause." Id. at 545. Interpretation of a contract is a question of law, which is reviewed de novo. Id. at 545 n. 1.
 
 
 12
 The Employment Agreement entered into by Servian and HDS states: "In the event of any litigation between the parties hereto arising out of or relating to this Agreement, the prevailing party therein shall be allowed all reasonable attorney's fees expended or incurred in such litigation." (Emphasis added.) California law interprets "arising out of" language "expansively" to encompass the "underlying transactional relationship between the parties." Xuereb v. Marcus & Millichap, Inc., 3 Cal.App.4th 1338, 1344 (1992). The district court applied this law and interpreted the Employment Agreement as "sufficiently broad to cover fees incurred with respect to the commissions sought by Servian," because the subject matter of the lawsuit was 'related to' the employment relation between the parties and the Employee Agreement which memorialized it. This is a reasonable interpretation of the Agreement.
 
 
 13
 Servian now argues that his counterclaims arose under the Sales Compensation Plan, not the Employment Agreement. Previously, however, Servian took the position in pleadings and before the district court that his counterclaims arose out of the Employment Agreement. Not only did Servian fail to make his new argument in the district court, but California courts look disfavorably upon litigants who "play[ ] fast and loose with the court in this fashion." Dekker v. Dekker (In re Marriage of Dekker), 17 Cal.App.4th 842, 850 (1993), quoting Schulze v. Schulze, 121 Cal.App.2d 75, 83 (1953). We are not bound by Servian's earlier stipulation as to the scope of the Employment Agreement, Dimidowich v. Bell & Howell, 803 F.2d 1473, 1477 n. 1 (9th Cir.1986), citing Estate of Sanford v. Commissioner, 308 U.S. 39, 51 (1939), but we may refuse to hear arguments made for the first time on appeal. G-K Properties, 577 F.2d at 648. We do so here.
 
 
 14
 Having determined that HDS was a "prevailing party" within the scope of the Employment Agreement, the district court eventually awarded it $170,789.50 in attorneys' fees. Servian makes numerous arguments challenging the district court's judgment. None, however, assert a basis upon which to hold the court's decision reversible. "Under California law, ... the amount of an attorneys' fee award is within the sound discretion of the trial court in the absence of a patent abuse of that discretion." Hancock, 777 F.2d at 526.
 
 
 15
 Servian first argues that the district court erroneously awarded fees for services performed on behalf of Dr. Korpman who was not a party to the Employment Agreement. The district court did identify Dr. Korpman as a "prevailing party," but its order awarding fees mentions only HDS. This implies that the district court did not make an independent award of fees to Dr. Korpman. Furthermore, after raising this issue orally before the district court, Servian did not object to the order granting HDS' motion for fees on the ground that the court failed to require HDS to separate out services performed for it and those performed for Dr. Korpman. Servian's objection therefore is waived.
 
 
 16
 Next, Servian asserts that the district court erroneously awarded HDS fees incurred in connection with HDS' voluntarily dismissed claims. The district court explicitly stated that it would not award fees for work incurred solely on these claims, and it verified that HDS' supplemental submissions separated out the time charged to these claims, as the court had requested.
 
 
 17
 Finally, Servian asserts numerous grounds in arguing that the district court erred in determining the amount of fees awarded. "A trier of fact in California may determine what is a reasonable amount to be allowed as attorneys' fees without hearing any testimony and without making any specific findings." Hancock, 777 F.2d at 526 n. 12, citing Clejan v. Reisman, 5 Cal.App.3d 224 (1970).
 
 
 18
 The major factors considered by California courts in determining the reasonableness of attorneys' fees are the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, the attorney's learning, age and experience in the particular type of work demanded; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed.
 
 
 19
 Hancock, 777 F.2d at 526 n. 12. The district court considered a majority of these factors, held a nonevidentiary hearing on HDS' motion for attorneys' fees, and required numerous submissions from HDS before determining a reasonable fee award. It therefore did not patently abuse its discretion in determining the amount of the award.
 
 
 20
 AFFIRMED.
 
 
 21
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 22
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING, District Judge.
 
 ORDER AMENDINGMEMORANDUM AND DENYING REHEARING
 May 14, 1996
 
 23
 The memorandum disposition filed in this case on March 7, 1996, is amended as follows:
 
 
 24
 With the above amendment, the panel as constituted above has voted to deny petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 25
 The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R. App. P. 35(b).
 
 
 26
 The petition for rehearing is denied, and the suggestion for rehearing en banc is rejected.
 
 
 
 *
 Honorable William D. Browning, United States District Judge, District of Arizona, sitting by designation