87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL ALUMINUM SYSTEMS, LTD., Plaintiff-Appellant,
v.
James B. BAILEY, Defendant-Appellee.
 No. 95-16194.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 International Aluminum Systems, Ltd. ("IAS") appeals the district court's order dismissing IAS's diversity action for failure to comply with discovery orders under Fed.R.Civ.P. 37(b)(2)(C). IAS contends that, because the district court found that it acted willfully and in bad faith by refusing to provide discovery to James B. Bailey only, and not to any other defendant, dismissal as to all defendants was an abuse of discretion. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's imposition of discovery sanctions for abuse of discretion, see Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991), and affirm.
 
 
 3
 District courts have "considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith, disregard of discovery duties." Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990). IAS certainly demonstrated flagrant and bad faith disregard of its discovery duties, as the district court found. Dismissal was warranted. See id.
 
 
 4
 IAS nonetheless contends that dismissal of its action against defendants other than Bailey was improper, because IAS's discovery abuses did not involve the other defendants. Although IAS is correct that "there must be a nexus between the party's actionable conduct and the merits of the case," Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir.1988), we think such a nexus existed.
 
 
 5
 First, some of the information Bailey sought related to IAS's claims against all defendants. Second, IAS informed the court in pleadings that it would not provide discovery or information to any defendant in the case, because that would jeopardize settlement negotiations. Third, by refusing to provide any discovery, IAS flouted the authority of the court and prevented a rightful decision of the case. See G-K Properties v. Redevelopment Agency of City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978). Dismissal of this action was neither a violation of due process nor an abuse of the district court's discretion, given the obstinate bad faith of IAS and its attorneys. See id.; Adriana Int'l Corp., 913 F.2d at 1408; Halaco Eng'g Co., 843 F.2d at 381.
 
 
 6
 Given the disposition of this appeal, we need not reach Bailey's claims that the appeal should be dismissed for lack of prosecution or because it is frivolous and moot. Bailey's request for attorney's fees and costs under 28 U.S.C. § 1927 is denied without prejudice to renewal following submission of proper documentation. See Fed.R.App.P. 39(d); 9th Cir.R. 39-1.1, 39-1.6.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3