Scott A. SINGLETON, Plaintiff,

v.

The BOARD OF TRUSTEES, OF IBEW LOCAL 613 and Contributing Employers Health and Welfare Fund, individually and in their official capacity, Defendants.

Civ. No. 1:92–cv–419–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 20, 1993.

Emory Adair Wilkerson, Johnson, Wilkerson & Miller Gamble, Decatur, GA, for plaintiff.

Randall Alan Constantine, Amy L. Lloyd, Elrod & Thompson, Atlanta, GA, for defendants.

### *ORDER*

CARNES, District Judge.

This case is presently before the Court on Defendants' Motion to Compel [9–1], Defendants' Motion for Sanctions [9–2], Plaintiff's Motion for Summary Judgment [11], Defendants' Motion for Summary Judgment [14], and Plaintiff's Attorney's Motion to Withdraw [20]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that

Defendants' Motion for Summary Judgment should be granted.

## BACKGROUND

Plaintiff, Scott A. Singleton, was a participant in the Health and Welfare Fund operated by Defendants. In September 1990 Plaintiff was seriously injured in an automobile accident. Plaintiff eventually settled with the other driver's insurance company. (Pl.'s Mot. for Summ.J. at 3). In the settlement, Plaintiff received approximately $18,000 for his pain and suffering. (*Id.*).

During the claims process, Plaintiff had signed a subrogation agreement which provided that he was to reimburse Defendants for the payment of benefits due to settlement. (*Id.*). Defendants initially paid for some of the medical expenses incurred by Plaintiff. After the settlement, however, Defendants refused to make any further payments to Plaintiff's medical providers, claiming a right to all money received by Plaintiff in the settlement. Plaintiff claims that Defendants are not entitled to the money he received as compensation for pain and suffering, and brought suit in the Superior Court of Dekalb County to recover the amount that he alleges Defendants still owe him. Defendants subsequently removed to this court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.* and have filed a Counterclaim.[1] The parties have now filed cross motions for summary judgment.

## DISCUSSION

■ Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such

that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

■ The argument that an injured individual covered by an ERISA plan should not have to reimburse the plan for settlement amounts received for pain and suffering apparently has been rejected by every federal court that has faced it. *McIntosh v. Pacific Holding Co.,* 992 F.2d 882 (8th Cir.1993) (adopting view that "because the medical expenses received by [the insured] arose out of the physical injury from which all of her claims against third parties are derived, and because the contract language requires reimbursement for benefit payments by the health care plan associated with the physical injury sustained by [the insured] if she receives a third-party settlement related to that physical injury, the health care plan and the employer *are* entitled to the proceeds of the settlement" even though settlement intended to compensate insured for pain and suffering); *Novak v. TRW, Inc.,* 822 F.Supp. 963 (E.D.N.Y.1993) (indicating disapproval of settlements in personal injury cases that purport to be for pain and suffering only); *Travitz v. Northeast Dept. ILGWU H. & W. Fund,* 818 F.Supp. 761, 770–71 (M.D.Pa.1993) (insured must reimburse plan for entire settlement recovery, even if characterized as pain and suffering); *Dugan v. Nickla,* 763 F.Supp. 981, 984 (N.D.Ill.1991) (same). The rationale behind this result is that failure to repay all amounts received in settlement constitutes a double recovery, and that Congress intended in ERISA " 'to ensure that plan funds are administered equitably, and that no one party, not even plan beneficiaries, should unjustly profit.' " *Travitz,* 818 F.Supp. at 770–71 (quoting *Provident Life and Accident Ins. Co. v. Waller,* 906 F.2d 985, 993 (4th Cir.), *cert. denied,* 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990)). Accordingly, when the plan summary and subrogation agreement provide in broad terms, such as *any* recovery *relating to* the injury, that settlement proceeds are to be repaid to the plan, such provisions are to be read to

1. Defendants originally paid approximately $24,-000 for Plaintiff's medical expenses and were subsequently reimbursed for approximately $19,-

000 by one of the providers. They now counterclaim for the balance of approximately $5000.

include all compensation received, including "non-economic damages" such as pain and suffering. *Cf. Alco Standard Corp. v. Gilbert,* No. 91–4849, 1992 WL 91939, at *4, 1992 U.S.Dist. LEXIS 6074, at *6–7 (N.D.Ill. 1992) (recipient of settlement need not repay plan when plan did not have subrogation provision).

■ Based on the facts presented here, the Court agrees with the reasoning of and result reached by these courts. The summary plan description provided that:

> any payment or payments by the Plan for [injury or illness] benefits shall be made on the condition ... that the Plan will be reimbursed therefor by the individual to the extent of, but not exceeding the amount or amounts received by the individual from such third party or parties by way of settlement or in satisfaction of any judgment or judgments.

(Br. in Supp. of Defs.' Mot. for Summ.J. at 3). The subrogation agreement signed by Plaintiff provided that Plaintiff agreed:

> to reimburse the Fund for the payment of said benefits to the extent I receive *any* payments from any party, person, firm or corporation, private or public, *relating to* its liability or a settlement of its liability for the injury, sickness, accident or condition to which this payment of benefits relates.

(Br. in Supp. of Pl.'s Mot. for Summ.J. at 2) (emphasis added). As in *Dugan v. Nickla,* 763 F.Supp. at 984, there is no requirement in either the plan description or the subrogation agreement that the monies recovered be for medical payments. Rather, the subrogation agreement clearly and unambiguously requires reimbursement of "any payment ... relating to ... settlement." Thus, the Court concludes that Defendants are entitled to the money Plaintiff received as compensation for pain and suffering. Accordingly, summary judgment is appropriate for Defendants both as to their Counterclaim and as to Plaintiff's claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [14] is **GRANTED,** Plaintiff's Motion for Summary Judgment [11] is **DENIED,** Plaintiff's Attorney's Motion to Withdraw [20] is **GRANTED,** and Defendants' Motion to Compel [9–1] and Motion for Sanctions [9–2] are **DENIED AS MOOT.**

SO ORDERED.